SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, a limited liability company, NATIONAL FIRE AND MARINE INSURANCE COMPANY, a Nebraska corporation, PROCTOR FINANCIAL INC, a Michigan corporation; and DOES 1 through 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JAMES MENASCO, an individual and NIKII TORRES MENASCO, an individual.

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
03/04/2022
Chad Finke, Executive Officer / Clerk of the Court
By: X. Bowie, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

**The name and address of the court is:**
(El nombre y dirección de la corte es):
René C. Davidson
1225 Fallon Street
Oakland, California, 94612

**CASE NUMBER:**
(Número del Caso):
22CV007938

**The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:**
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Saveel Khan, 324703                                                      (209) 369-9255
18826 N. Lower Sacramento Road, Suite G, PO Box 717, Woodbridge, CA, 95258

**DATE:** 03/04/2022    Chad Finke, Executive Officer / Clerk of the Court    Clerk, by X. Bowie, Deputy
(Fecha)                                                                  (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): Proctor Financial Inc, a Michigan corporation
3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date):

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RANDY E. THOMAS, ESQ. / SBN: 78411
HALEY M. COSTAMAGNA, ESQ. / SBN: 327657
SAVEEL KHAN, ESQ. / SBN: 324703
LAW OFFICE OF RANDY E. THOMAS
18826 N. Lower Sacramento Road, Suite G
P.O. Box 717
Woodbridge, CA 95258
Telephone: (209) 369-9255
Facsimile: (209) 369-9288

Attorneys for Plaintiffs
James Menasco and Nikii Torres Menasco

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/04/2022 at 09:26:40 AM
By: Xian-xii Bowie, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| JAMES MENASCO, an individual and NIKII TORRES MENASCO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, a limited liability company, NATIONAL FIRE AND MARINE INSURANCE COMPANY, a Nebraska corporation, PROCTOR FINANCIAL INC, a Michigan corporation; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No.: 22CV007938<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. BREACH OF CONTRACT<br>2. BAD FAITH – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>3. VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200<br>4. UNJUST ENRICHMENT<br>5. BREACH OF CONTRACT - THIRD PARTY BENEFICIARY |

Plaintiffs James Menasco and Nikii Torres Menasco (hereinafter may be referred to collectively as "Plaintiffs" or the "Menascos"), by and through their counsel Saveel Khan, of the Law Office of Randy E. Thomas, hereby allege and complain against Defendants NewRez LLC dba Shellpoint Mortgage Servicing, a limited liability company, National Fire and Marine Insurance Company, a Nebraska corporation, Proctor Financial Inc., a Michigan corporation and DOES 1 through 25, inclusive as follows:

VERIFIED COMPLAINT FOR DAMAGES
1

## PARTIES

1. Plaintiff James Menasco is an individual residing in the City of San Leandro, County of Alameda.

2. Plaintiff Nikii Torres Menasco is an individual residing in the City of San Leandro, County of Alameda.

3. Plaintiffs are informed and believe, and allege on the basis of such information and belief, that Defendant NewRez LLC dba Shellpoint Mortgage Servicing, (hereinafter referred to as "Shellpoint"), is and at all times herein mentioned was, a limited liability company under the laws of Pennsylvania, conducting business in the State of California.

4. Plaintiffs are informed and believe, and allege on the basis of such information and belief, that Defendant National Fire and Marine Insurance Company, (hereinafter referred to as "NF&M"), is and at all times herein mentioned was, a corporation incorporated under the laws of Nebraska, conducting business in the State of California.

5. Plaintiffs are informed and believe, and allege on the basis of such information and belief, that Defendant Proctor Financial Inc., (hereinafter referred to as "Proctor"), is and at times herein mentioned was, a corporation incorporated under the laws of Michigan, conducting business in the State of California.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by such defendants.

7. Plaintiffs are informed, believe and thereon allege that each and every defendant was the agent, employee, partner, joint venturer, predecessor and/or successor in interest, and co-conspirator of each and every remaining defendant, and in doing the acts herein alleged was acting within the course and scope of such agency, servitude, employment,

partnership, joint venture, predecessor and/or successorship in interest and conspiracy, and with the knowledge, consent and ratification of each and every remaining defendant.

## JURISDICTION AND VENUE

8. The Superior Court of the County of Alameda has subject matter jurisdiction pursuant to California Constitution Article VI, Section 10. This Court has complete personal jurisdiction over the parties to this action pursuant to Civil Code section 410.10 because the actions giving rise to the causes of action asserted in this Complaint occurred in this jurisdiction, because Defendant has purposefully availed itself of the benefits and protections of this jurisdiction, and because Defendant has directed their actions to California residents.

9. The amount in controversy is in excess of the minimal jurisdictional limits of this Court.

10. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure section 395 subdivision (b), as Defendant has contracted to perform an obligation in this County.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

11. Plaintiffs own and manage four (4) condominium units located at 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609.

12. Defendant Shellpoint is a subsidiary of NewRez LLC. Defendant Shellpoint is in the business of servicing mortgage accounts.

13. Defendant NF&M offers insurance services. NF&M provides fire, marine, and casualty insurance to individuals and businesses. NF&M serves customers in the United States.

14. Defendant Proctor provides insurance tracking services and handles claims on behalf of insurance companies.

15. On or about March 11, 2020, Plaintiffs received notice by Defendant Shellpoint that (HOA) hazard insurance was required on the property located at 3038 Martin Luther King Jr. Way in Oakland, CA 94609 as shown in **Exhibit A**, a true and correct copy is attached hereto.

16. HOA hazard insurance generally covers exterior and common areas of condominium units which includes but is not limited to, roof, stairs, doors, windows etc.

17. On or about March 12, 2020, Plaintiffs entered into an Insurance Agreement (hereinafter referred to as "Agreement") with Defendant Shellpoint, whereby Plaintiffs agreed to remit payments to Defendant Shellpoint, through an escrow account, in exchange for Defendants' promise to provide insurance funds or coverage to Plaintiffs for losses including, but not limited to, destruction of Plaintiff's condominiums located at 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609.

18. The condominium unit with respect to this Complaint is located at 3038 Martin Luther King Jr. Way in Oakland, CA 94609.

19. Defendant NF&M is an insurance carrier who readily contracts with mortgage companies such as Defendant Shellpoint, to provide insurance coverage to home related claims.

20. Defendant Shellpoint, was and currently is, the mortgage company that services Plaintiffs' loan pertaining to the condominium located at 3038 Martin Luther King Jr. Way in Oakland, CA 94609.

21. Defendant Proctor was the third-party handling Plaintiffs' insurance claim on behalf of Defendant NF&M.

22. Plaintiffs' mortgage account number with Shellpoint is 0578398037.

23. On or about March 27, 2020, Plaintiffs received notice that Defendant Shellpoint was placing (HOA) lender placed hazard insurance, a true can correct copy is attached hereto as **Exhibit B**.

24. The Agreement was forced onto Plaintiffs' mortgage by Defendant Shellpoint.

25. The lender-placed hazard insurance had an insured amount of Five-Hundred Sixty-Six-Thousand Four-Hundred Dollars 00/000 ($566,400.00), a true and correct copy is attached hereto as **Exhibit C**.

26. On or about April 7, 2020, Plaintiffs completed the Agreement when they made their monthly mortgage payment. Plaintiffs monthly mortgage is One-Thousand-Eight-Hundred-Thirty-Nine and 48/000 Dollars ($1839.48) as shown in **Exhibit D**.

27. On or about March 3, 2020, a charge for Four Thousand Three-Hundred Twenty-Nine and 85/000 Dollars ($4329.85) charged to Plaintiff's escrow account, with Shellpoint as a lender placed hazard disbursement. This lender placed hazard disbursement only applied to unit 3038 Martin Luther King Jr. Way in Oakland, CA 94609.

28. On or about April 30, 2020, a charge for One-Thousand-Ninety-Three dollars 80/000 was charged to Plaintiffs' escrow account, with Shellpoint as a lender place hazard disbursement. This lender placed hazard disbursement now applied to units 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609.

29. Part of Plaintiffs monthly mortgage includes paying towards their escrow account with Shellpoint. Every monthly payment by Plaintiffs to Shellpoint has included payment towards the escrow account. Escrow accounts include both insurance and taxes.

30. Plaintiffs mortgage account with Shellpoint has been current at all times herein mentioned.

31. On or about April 2021, Defendant Shellpoint once again charged Plaintiffs' escrow account in the amount of Four Thousand Three Hundred Twenty-Nine dollars 85/000 ($4329.85) as shown in **Exhibit D**.

32. On or about July 21, 2020, a fire destroyed Plaintiffs' property located at 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609.

33. On or about July 21, 2020, Plaintiffs' filed claim number BH01714144 with Defendant Shellpoint attached hereto as **Exhibit E**.

34. On or about July 22, 2020, without justification, Shellpoint eliminated coverage for unit located at 3038 Martin Luther King Jr. Way in Oakland, CA 94609.

35. On or about August 6, 2020, Plaintiffs received a letter stating that Defendant Shellpoint's lender placed hazard insurance (as shown in **Exhibit F**) was cancelled effective

February 2, 2020 but Shellpoint continued charging the Plaintiffs escrow account during that time.

36. Several individuals from Defendants Shellpoint, NF&M and Proctor have contacted Plaintiffs with regards to the above referenced claim number.

37. To this day any and all named Defendants refuse to provide any coverage for Plaintiffs' losses under the lender placed HOA hazard insurance that Plaintiffs contracted for, thus all Defendants have been unjustly enriched.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against all Defendants and DOES 1 through 25)

38. Plaintiffs refer to and incorporate herein by this reference each and every allegation contained in the preceding paragraphs above, inclusive, with the same force and effect as though fully set forth herein.

39. Plaintiffs and Defendant Shellpoint entered into a written contract, the Agreement, on or about March 12, 2020.

40. Plaintiffs have performed, and continue to perform all of the significant things under the Agreement, specifically, Plaintiffs have paid for lender placed hazard coverage monthly through their escrow account to insure coverage for loss/damages.

41. Defendants have failed to perform under the written Agreement, in that Defendants have not provided payment to cover the loss/damages as it is required to do so under the policy agreed between parties. The Agreement provided that Defendants cover losses attributed to damage such as the one incurred by Plaintiffs. Despite demand from Plaintiffs, Defendants refuse and continue to refuse, coverage to Plaintiffs' losses resulting from the fire.

42. Plaintiffs have been harmed by Defendants' breach.

43. Defendants' breach of the contract was a substantial factor in causing Plaintiff's harm.

VERIFIED COMPLAINT FOR DAMAGES
6

44. Defendants Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25, and each of them, breached the Agreement, which breach, resulted in Plaintiffs' damages as described herein.

### SECOND CAUSE OF ACTION

(Bad Faith – Breach of Implied Covenant of Good Faith & Fair Dealing)

(Against all Defendants and DOES 1 through 25)

45. Plaintiffs refer to and incorporate herein by this reference each and every allegation contained in the preceding paragraphs above, inclusive, with the same force and effect as though fully set forth herein.

46. At all material time herein alleged, Defendants, and DOES 1 to 25, and each of them, knew, or in the exercise of good faith reasonably should have known, that Plaintiffs were legally entitled to recover the benefit under the lender placed hazard coverage, and that Defendants, and each of them, were obligated to provide Plaintiffs the benefits under the lender placed hazard policy.

47. Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known, that the policy benefit was due to Plaintiff.

48. Nevertheless, Defendants, and each of them, maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, and failed, to pay the benefits of the policy to Plaintiffs, despite the fact that Plaintiffs were entitled to the full benefits of the policy.

49. The Defendants, and each of them, unreasonably failed to pay Plaintiff's claim for benefits under the policy in a reasonably timely manner. All acts of the Defendants, and each of them, as herein alleged, were done with the prior approval of, with the knowledge of, and/or under the express direction or ratification of an officer, director, or managing agent of Defendants, and each of them, consistent with the definitions contained in *California Code of Regulations,* Title 10, Section 2695.12.

50. As a proximate result of Defendants' wrongful conduct, as aforementioned, Plaintiffs have been wrongfully denied and delayed in the receipt of its lawful insurance

VERIFIED COMPLAINT FOR DAMAGES
7

policy benefit.

51. The Defendants' actions in withholding and refusing to pay the policy benefits were/are unreasonable and in bad faith.

52. Plaintiffs are informed and believe, and thereon allege that Defendants' actions were part of a practice of Defendants which are designed, among other things, to wrongfully withhold payment of claims with the intent of ignoring the interest of their insured.

53. As a direct and proximate result of Defendants' wrongful conduct, as aforesaid, Plaintiffs have sustained severe and serious injury including, but not limited to emotional distress, anxiety, frustration, humiliation and indignity all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

## THIRD CAUSE OF ACTION

**(Violation of Business and Professions Code Section 17200)**

**(Against Defendants and DOES 1 through 25)**

54. Plaintiffs refer to and incorporate herein by this reference each and every allegation contained in the preceding paragraphs above, inclusive, with the same force and effect as though fully set forth herein.

55. Defendants Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25, and each of them, have engaged in unfair and/or unlawful business practices by unlawfully and unfairly refusing to cover Plaintiffs' damages under the lender placed HOA hazard coverage. Plaintiffs' requested that Defendants cover losses to the exterior and common areas of units 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609 from the fire damage.

56. As a result of Defendants Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25's unfair and/or fraudulent business practices, Plaintiffs have been harmed.

///
///
///

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

### (Against Defendants and DOES 1 through 25)

57. Plaintiffs refer to and incorporate herein by this reference each and every allegation contained in the preceding paragraphs above, inclusive, with the same force and effect as though fully set forth herein.

58. As a result of the wrongful conduct described herein, Defendants Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25, have been, and continue to be, unjustly enriched at the expense of Plaintiff.

59. Defendants have not provided any coverage under the Agreement that is rightfully owed to Plaintiffs.

60. Defendants have not returned the funds that Plaintiffs paid towards their escrow account for the lender placed hazard insurance.

61. Defendants Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25, must be required to disgorge and return to Plaintiffs the gain wrongfully obtained at the expense of Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Breach of Contract - Third Party Beneficiary)

### (Against Defendants and DOES 1 through 25)

62. Plaintiffs refer to and incorporate herein by this reference each and every allegation contained in the preceding paragraphs above, inclusive, with the same force and effect as though fully set forth herein.

63. Defendant Shellpoint and Defendant NF&M entered into a contract for lender to place hazard coverage with the intention of benefiting Plaintiffs by paying off the mortgage if disaster occurred.

64. On numerous occasions Defendant Shellpoint notified Plaintiffs that HOA hazard coverage was being placed on the property located at 3038, 3040, 3042 and 3044 Martin Luther King Jr. Way in Oakland, CA 94609 and charged it for the same amount.

VERIFIED COMPLAINT FOR DAMAGES
9

65. Said Defendants breached the Agreement when they cancelled the lender placed hazard coverage a day after the fire on July 22, 2020.

66. Defendants' breach was a substantial factor in causing Plaintiffs' harm because Plaintiffs have been deprived of their right to the lender placed hazard coverage as a result of Defendants' breach.

67. Shellpoint Mortgage Servicing, NF&M, Proctor and DOES 1 through 25, and each of them, breached the Agreement, which breach, resulted in Plaintiffs' damages as described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgement against Defendant, and DOES 1 through 25 and each of them, as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages;
4. That Plaintiff be awarded costs of suit and interest incurred as provided by law;
5. For attorneys' fees, prejudgment and post judgment interest until paid;
6. For attorneys' fees and costs related hereto; and
7. For such other and further relief as the Court may deem just and proper.

DATED: February 21, 2022                    LAW OFFICE OF RANDY E. THOMAS

_____
Saveel Khan, Attorney for Plaintiffs
James Menasco and Nikii Torres Menasco

VERIFIED COMPLAINT FOR DAMAGES
10

## VERIFICATION

I, James Menasco, am a named plaintiff in the above-entitled action or proceeding. I have read VERIFIED COMPLAINT FOR DAMAGES, and know the contents thereof; and I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon information or belief, and as to those matters, I believe them to be true.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge. This declaration was signed and executed on February 21, 2022 at Woodbridge, California.

*James Menasco* (signature)
James Menasco

## VERIFICATION

1  I, Nikii Torres Menasco, am the named plaintiff in the above-entitled action or proceeding. I have read VERIFIED COMPLAINT FOR DAMAGES, and know the contents thereof; and I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon information or belief, and as to those matters, I believe them to be true.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge. This declaration was signed and executed on February 21, 2022 at Woodbridge, California.

Nikii Torres Menasco